IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE HOCKENBURY | : :  : 3:10-cv-00170-EMK : : : : : : |
| v. | |
| WILKES-BARRE HOSPITAL COMPANY, LLC (d.b.a. WILKES-BARRE GENERAL HOSPITAL) | |

## PLAINTIFF'S PRETRIAL MEMORANDUM

Date conference was held by counsel: Not yet held.

**A. A brief statement as to federal court jurisdiction.**

Jurisdiction over Plaintiff's federal claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction over Plaintiff's state law claim is proper under 28 U.S.C. § 1367.

**B. A summary statement of facts and contentions as to liability.**

Plaintiff was employed by Defendant Wilkes-Barre Hospital Company, LLC ("Defendant") as a laboratory supervisor and, during the relevant time period, was classified by Defendant as exempt from the overtime pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff regularly worked over 40 hours per week and was compensated for all of his work hours at

a straight-time hourly pay rate.  Plaintiff did not receive time and one-half overtime premium pay for hours worked over 40 during the workweek.

According to Defendant, Plaintiff is not entitled to overtime premium pay because he falls within the "learned professional" and "executive" exemptions to the federal and state overtime pay mandates.  However, both the FLSA and PMWA require employees to be paid on a ***"salary basis"*** in order to be covered by these exemptions.  See 29 C.F.R. § 541.100(a)(1) (FLSA executive); 29 C.F.R. § 541.300(a)(1) (FLSA learned professional); 34 Pa. Code 231.82(6) (PMWA executive); 34 Pa. Code 231.84(5) (PMWA learned professional).

Plaintiff believes the trial evidence will demonstrate that he was paid on an ***hourly*** (rather than a salary) basis.  For example: (i) Defendant presented Plaintiff with formal compensation memoranda stating that he was paid on an hourly basis; (ii) Plaintiff's paystubs and pay data unambiguously present Plaintiff's compensation on an hourly basis; (iii) when Plaintiff's actual work and leave hours did not equal at least 80 hours for the two-week pay period, Plaintiff did not receive his purported "salary;" and (iv) Defendant subjected Plaintiff to the same timekeeping and leave practices applicable to other hourly employees.

In addition, and as discussed in Plaintiff's accompanying Proposed Statement of Facts and Conclusions of Law, Defendant's characterization of Plaintiff as an exempt salaried employee contradicts both the Third Circuit's

decision in Brock v. The Claridge Hotel and Casino, 846 F.2d 180 (3d Cir. 1988), and applicable federal and state regulations pertaining to salaried employment.

**C. A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3. No facts should be denied unless opposing counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds. The parties must reach agreement on uncontested facts even though relevancy is disputed.**

Defendant's Pre-Trial Memorandum contains a lengthy statement of "undisputed facts," see Doc. 30 at pp. 13-19, even though Plaintiff has not yet agreed to any facts and the parties' lawyers have not had an opportunity to confer pursuant to Local Rule 16.3. Prior to the pretrial conference, Plaintiff's counsel will make efforts to reach out to defense counsel with the goal of crafting a set of stipulated facts that can be jointly presented to the Court. Plaintiff's counsel apologizes to the Court for the parties' failure to get this done on time.

**D. A brief description of damages, including, where applicable:**

   **(1) Principal injuries sustained:**

Not Applicable

   **(2) Hospitalization and convalescence:**

Not Applicable

   **(3) Present disability:**

Not Applicable

    **(4) Special monetary damages, loss of past earnings, medical expenses, property damages, etc.:**

Not Applicable

    **(5) Estimated damage claims:**

The Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), in combination, allow prevailing plaintiffs to recover, *inter alia*: (i) all unpaid wages; (ii) liquidated damages equaling the amount of unpaid wages (or, alternatively, prejudgment interest); and (iii) attorney's fees and out-of-pocket litigation expenses. Plaintiff seeks all such damages.

Plaintiff currently estimates that his ***unpaid overtime wages*** fall somewhere between $15,000 and $18,000. Plaintiff is in the process of confirming his damages calculations and intends to present the calculations to defense counsel. Because the damages calculations are based on objective payroll data, Plaintiff is hopeful that the parties will be able to stipulate to the amount of Plaintiff's unpaid overtime wages in advance of the pretrial conference.

Plaintiff's potential recovery of ***liquidated damages*** can equal her above-described unpaid overtime wages.

Plaintiff's potential recovery of ***prejudgment interest*** will be in an amount to be determined by the Court (although, under the law, a liquidated damages recovery would preclude a recovery of prejudgment interest).

Plaintiff's potential recovery of ***attorney's fees and litigation expenses*** will be in an amount to be determined by the Court after the conclusion of the trial and based upon counsel's lodestar as calculated in accordance with contemporaneous time and expense records.

**(6) Special damage claims:**

Not Applicable.

**E. <u>Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.</u>**

In addition to himself, Plaintiff may call the following witnesses, all of whom appear on Defendant's witness list: (i) Gerard Clifford; (ii) Len Paczkowski; (iii) Lisa Goble; and (iv) Jillian Rowland.

**F. <u>Summary of testimony of each expert witness.</u>**

Plaintiff will not present any expert witness testimony.

**G. <u>Special comment about pleadings and discovery, including depositions and the exchange of medical reports.</u>**

None.

**H. <u>A summary of legal issues involved and legal authorities relied upon.</u>**

The Court is respectfully referred to Plaintiff's accompanying Proposed Findings of Fact and Conclusions of Law, which is filed under separate cover.

**I. <u>Stipulations desired.</u>**

None.

J. **Estimated number of trial days.**

   1-2 days.

K. **Any other matter pertinent to the case to be tried.**

   None.

L. **Pursuant to local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.**

   To be filed under separate cover.

M. **Append any special verdict questions with counsel desires to submit.**

   Not applicable.

N. **Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.**

   Not applicable.

O. **Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.**

   Not applicable.

P. **In all trials without a jury, request for findings of both fact and law shall be submitted with this Memorandum as required under Local Rule 48.2.**

   To be filed under separate cover.

Date:  May 27, 2011                                         Respectfully,

/s/ Peter Winebrake
Peter Winebrake, Esq.
The Winebrake Law Firm, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
(215) 884-2491