UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HOCKENBURY, | : | |
| Plaintiff, | : | 3:10-CV-00170 |
| vs. | : | |
| WILKES-BARRE HOSPITAL COMPANY, LLC (d.b.a. WILKES-BARRE GENERAL HOSPITAL), | : | (Judge Kosik) |
| Defendant. | : | |

FILED
SCRANTON
DEC 0 8 2011
PER _____
DEPUTY CLERK

## MEMORANDUM

The matter was tried by the court without jury on August 15, 2011. Post-trial briefs were filed on August 31 and September 8, respectively.

This action was commenced by plaintiff, who was Laboratory Supervisor at the defendant hospital. He is asking relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. Sections 201, et seq. and the Pennsylvania Minimum Wage Act (PMWA), 43 Pa.C.S. Section 333.101, et seq.[1] Plaintiff seeks to recover unpaid wages and liquidated damages for up to three years prior to filing suit on January 22, 2010.

Plaintiff contends that the FLSA, 29 U.S.C. § 206b, entitles employees, like himself, to compensation for every hour worked in a work week, and further requires overtime compensation "not less than one and one-half times" their regular rate of pay for all hours over 40 in a work week. 29 U.S.C. § 207(a)(1). Defendant contends that after 2004, plaintiff was considered salaried, supervisory and thereafter considered from a non-exempt status from the overtime requirements of the FLSA to exempt status; the latter being the issue in this case.

---

[1] The parties agree that for the purposes of this case, both laws are substantially identical.

Standard Applied

There is little dispute that in a case of this nature certain legal principles apply. Overtime exemptions are construed narrowly against the employer, who also has the burden of proving that plaintiff is overtime exempt. Davis v. Mountaire Farms, Inc., 453 F.3d 554, 556 (3d Cir. 2006). This must be shown plainly and unmistakenly.

Findings of Fact

At trial, in addition to plaintiff Hockenbury, he called, as on cross-examination, Len Paczkowski and Lisa Goble, Director of Compensation and the Chief of Human Resources, respectively. The defense called Gerard Clifford, Director of Pennant Laboratory Services at the hospital, who was plaintiff's superior.

George Hockenbury was employed by the defendant hospital from August 26, 1986, until terminated on January 12, 2010. During the time relevant here, he was employed as Supervisor of the Toxicology Laboratory. Much of his time was spent doing "bench work", which was not in itself managerial, but similar to the work of technologists in his department.

From the beginning of his employment until the end of July 2004, plaintiff was paid on an hourly basis, even while holding the title of supervisor. As such, he was also paid time and one-half for all hours over eight in a day, or over eighty in a two-week period. In July 2004, the defendant hospital reclassified a number of employees working in supervisory capacities, such as plaintiff, from non-exempt status with regard to time and one-half overtime requirements of FLSA to exempt status. Thereafter, the exempt plaintiff was told and considered management and salaried. The records carried him as a salaried employee. For example, his "rate of pay" at one point after 2004 was $57,865.00 annually, and his grade was management. Initially, plaintiff felt that he was not benefitting from the reclassification. Thereafter, it appears plaintiff offered no complaint to his status change until this litigation.

Of some significance is the fact that plaintiff continued to have his salary determined by an hourly rate usually increased each year. The latter occurred because plaintiff's salary was calculated by taking an annual hourly rate multiplied by 8 hour days over a two-week, or 80 hour, work period. The net calculated amount was guaranteed as plaintiff's salary every pay period. He received annual notification of his salary increase through an hourly rate. Plaintiff's salaried superior had his own salary calculated in the same manner.

The exemption from overtime requirements was accomplished under the FLSA, 29 U.S.C. § 213(a)(1), if an individual is "employed in a bona fide... executive... or professional capacity." There is no doubt that plaintiff has the educational degree and expertise in toxicology. Under the regulations, he met the requirements for being a learned professional. 29 C.F.R. § 541.301(e)(1). In addition, Regulations, 29 C.F.R. § 541.604(a), permits payment to an exempt employee of amounts above the guaranteed salary on the basis of a straight time hourly amount. His pay stubs did not distinguish a salaried amount separate from overtime, because he normally worked overtime, which was calculated in the same manner as his salary. The computer system in use did not distinguish a salary amount separate from an overtime amount, because it calculated all based on the same hourly rate.

In his exempt status, plaintiff continued to supervise fifteen employees in different specialities. These subordinates and other hourly employees swipe in their reporting for work. This is not required of salaried persons. Plaintiff determined his own overtime hours. If he could not work a full eight hours, he was not docked for anything under four hours. The excess time was attributable to accumulated leave time. A salaried employee reported to a supervisor when time was to be taken, but it was only done as a courtesy. Plaintiff's superior said it was discretionary as to leave hours, as well as decisions to work overtime hours, which were substantial; so much so, that his bi-weekly hours commonly exceeded the eighty hours as part of his salary.

Discussion and Conclusion

Plaintiff Hockenbury characterizes the defendant's classification of his status in 2004 from non-exempt to one exempt from the overtime requirements of the FSLA, by identifying him as salaried and management, as a sham to avoid paying plaintiff overtime compensation at the rate of one and one-half times his regular pay for all hours over 40 in a work week. Although plaintiff was one of several reclassified, his basic reliance is on Brock v. Claridge Hotel and Casino, 846 F. 2d 180 (3d Cir. 1988), which was somewhat limited to its facts. At issue in the case was the executive status of three classes of supervisors. They executed a written contract which "guaranteed" a weekly salary of $250.00. Any wages over $250.00 were paid by the hour, but not in the form of overtime pay at one and one-half times the hourly rate for all hours over forty in a work week. The employees in Brock were required to report to their stations fifteen minutes before the start of their shifts. They had to place their I.D. cards in a time clock, which recorded their work hours. Supervisors had to sign a sheet giving their times of arrival and departure. The court found that because of exceptions to the guaranteed amount of $250.00, such as absences occasioned by the defendant and its lack of business, or absence due to a personal reason, the employees were not paid on a salary basis as that term was then defined in 29 C.F.R. § 541.108, Salary Basis.

In this case, plaintiff did not have to swipe in on reporting to work. The computer system carried him as being salaried and his salary was entered in an annual amount. Except for the fact noted earlier, that his annual salary, stated as a sum certain, was calculated on the basis of an hourly rate, which changed annually, there is little resemblance to the circumstances in Brock. Plaintiff acknowledges he was guaranteed eight hours in a day and eighty hours in a pay period. At one point, he agreed that between 2007 and 2010, he received in every single pay period the minimum of eighty hours pay, which was never reduced based on the number of hours he worked.

Finally, we conclude that plaintiff has not established that his exemption from the overtime provisions of the law was a sham. There is a preponderance of evidence, both from plaintiff, as well as from the defense, that plaintiff was salaried and exempt from the overtime provisions.

Judgment is entered for the defendant.

SO ORDERED.

*Edwin M. Kosik*
Edwin M. Kosik
United States District Judge

Date: December 8th, 2011